# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EARNEST EUGENE BROWN,

    *Plaintiff,*

vs.

VIA CHRISTI HEALTH,

    *Defendant,*

Case No. 10-4120-EFM

## MEMORANDUM AND ORDER

On September 20, 2010, Plaintiff Earnest Eugene Brown filed this *pro se* action against Defendant Via Christi Health ("Via Christi"), alleging that he was treated differently than another patient with the same medical symptoms when he sought medical treatment at a Via Christi facility. Brown brings his claim pursuant to 42 U.S.C. § 12181(7)(f), a provision within the American with Disabilities Act of 1990 ("ADA")[1] that defines public accommodation.

According to Brown's Complaint, he alleges that "[o]n March 20, 2010, I was at Mt. Carmel Health's Emergency Department with chest pain. I was not treated like the paitent [sic] who came in after me with the same symptoms, I arrived first as [sic] was forced to wait while he came in and

---

[1] 42 U.S.C. § 12101 *et seq.*

-1-

go [sic] for immediate treatment."[2] Brown seeks relief in the form of punitive damages in the amount of $50,000, but makes no claim for actual damages. Brown states that he is seeking punitive damages "looking too [sic] make sure this never happens again" and to make sure Via Christi realizes "there is no place for this type of conduct."[3] Brown further states in his Complaint that prior to filing suit, he made complaints to the Kansas Human Rights Commission, the U.S. Department of Health and Human Services, and spoke with personnel with Via Christi's administration.

Via Christi now moves the Court to dismiss Brown's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. Brown's response to Via Christi's motion was due November 8, 2010; however, no response was filed.[4] The Court is now prepared to rule on the motion.

## I. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[5] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is

---

[2]Doc. 1, p.3 ¶ III (Complaint). In its motion, Via Christi represents that Via Christi Hospital in Pittsburg, Kansas was previously known as Mt. Carmel Regional Medical Center, which likely explains Brown's reference to Mt. Carmel in his Complaint.

[3]*Id.* at p.4 ¶ IV, VII.

[4]A *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance. *Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)). When a party fails to timely file a response, the Court will consider and decide the motion as an uncontested motion, and ordinarily, will grant the motion without further notice. D. Kan. R. 7.4(b). Although the Court may move forward without waiting for a plaintiff's response, the lack of a response alone is not enough for the Court to grant a motion to dismiss. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Instead, the Court "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

[5]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

In determining whether a claim is facially plausible, the Court must draw on its judicial experience and common sense.[8] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[9] Allegations that merely state legal conclusions, however, need not be accepted as true.[10]

Because Plaintiff is pursuing this action *pro se*, the Court must be mindful of additional considerations. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] However, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant."[12] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[13]

---

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[8]*Iqbal*, 129 S.Ct. at 1950.

[9]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[10]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11]*Id.*

[12]*Id.*

[13]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

## II. Analysis

Brown states in his Complaint that he is brings his claim pursuant to 42 U.S.C. § 12181(7)(f). This provision provides, in part, that a hospital is a private entity that is considered "public accommodations for purposes of [the ADA], if the operation of such entit[y] affect[s] commerce."[14] Although this provision does not specifically provide for a cause of action, we will nonetheless analyze Brown's claim as one brought under Title III of the ADA, the subchapter dealing with public accommodations and services operated by private entities.[15]

Title III of the ADA prohibits, in part, discrimination against an individual "on the basis of disability in the full and equal enjoyment of the . . . services . . . or accommodations of any place of public accommodation."[16] A disability, for purposes of the ADA, is defined as "a physical or mental impairment that substantially limits one or more major life activities" of an individual.[17] Thus, to allege a claim under the ADA, Brown must allege that Via Christi discriminated against him based on some disability covered by the Act in choosing to provide medical treatment to this "other individual" rather than first providing him treatment. Brown, however, provides no such factual allegations. In fact, Brown's Complaint identifies no disability to which he is affected, but only alleges that another patient arriving after him received medical treatment first. It is Brown's burden to form his Complaint with enough factual matter to show a plausible claim entitling him for

---

[14] 42 U.S.C. § 12181(7)(f).

[15] *See* 42 U.S.C. §§ 12181-12189.

[16] *Id.* § 12182.

[17] *Id.* § 12102(1)(A). A major life activity includes, in part, "caring for oneself, performing manual tasks, . . . walking, . . . standing, . . . [and] communicating . . . . *Id.* § 12102(2)(A)(1).

relief.[18] Brown has pled no factual content from which this Court can reasonably infer that Via Christi is liable for any misconduct, let alone any liability under the ADA.[19] As a result, we conclude that Brown has failed to state a claim under which relief can be granted. Therefore, we grant Via Christi's Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is hereby GRANTED.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2010.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] *See Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

[19] *See id.*